# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Jeff Wendell Johnson, Jr.,**
**Plaintiff Below, Petitioner**

**FILED**

December 7, 2015
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**vs) No. 15-0243** (Kanawha County 14-C-1728)

**Timothy H. Stone,**
**Defendant Below, Respondent**


## MEMORANDUM DECISION

Petitioner Jeff Wendell Johnson, Jr., *pro se*, appeals the January 27, 2015, order of the Circuit Court of Kanawha County dismissing his civil action, in which he sought to recover $375 he paid as a deposit for the rental of a room. Respondent Timothy H. Stone, *pro se*, filed a response.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

According to petitioner, in approximately 2003, he paid respondent $375 as a deposit for a rental of a room. Petitioner further alleges that he neither received a receipt for the deposit nor was he allowed to rent the room. Petitioner has twice sued respondent in the Magistrate Court of Kanawha County to retrieve the $375 deposit. In each of those civil actions, Nos. 10-C-2566 and 12-C-251, the magistrate court dismissed petitioner's case with prejudice.

In the instant action, No. 14-C-1728, petitioner filed an action to recover the $375 deposit in the Circuit Court of Kanawha County on September 19, 2014. On October 16, 2014, respondent filed a motion to dismiss, arguing that the action was barred by the doctrine of res judicata because, in the two previous cases, the magistrate court dismissed petitioner's claim in orders that petitioner did not appeal. Following a hearing on the motion, the circuit court agreed with respondent that the doctrine of res judicata precluded petitioner's present action and

1

dismissed it by an order entered January 27, 2015. Petitioner now appeals.

We review a circuit court's dismissal of an action de novo. Syl. Pt. 2, *State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc.*, 194 W.Va. 770, 773, 461 S.E.2d 516, 519 (1995). While the circuit court determined that this action was barred by the doctrine of res judicata, we find that the suit should have been dismissed for a more fundamental reason. "Whenever it is determined that a court has no jurisdiction to entertain the subject matter of a civil action, the forum court must take no further action in the case other than to dismiss it from the docket." Syl. Pt. 1, *Lowe v. Richards*, 234 W.Va. 48, 49, 763 S.E.2d 64, 65 (2014) (internal quotations and citations omitted); *see Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011) (courts "must raise and decide jurisdictional questions that the parties either overlook or elect not to press"). Subject matter jurisdiction cannot be waived by the parties. *Hansbarger v. Cook*, 177 W.Va. 152, 157, 351 S.E.2d 65, 70 (1986).

Pursuant to West Virginia Code § 51-2-2(b), circuit courts "have original and general jurisdiction of all matters at law where the amount in controversy, excluding interest, exceeds two thousand five hundred dollars [$2,500]."[1] *See* W.Va. Const. art. 8, § 6. Neither party disputes that the amount in controversy between them is $375, which is insufficient to have invoked the jurisdiction of the circuit court. Accordingly, we affirm the dismissal of petitioner's action on the ground that the circuit court did not have subject matter jurisdiction over the suit.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** December 7, 2015

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Allen H. Loughry II

**DISSENTING IN BY:**

Justice Brent D. Benjamin
Justice Menis E. Ketchum

---

[1]West Virginia Code § 51-2-2(b) contains an exception to the amount in controversy requirement that is not applicable to this case.